**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**BIG STONE GAP DIVISION**

| | | |
|---|---|---|
| **CLAUDE M. REEDY,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:15CV00004 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,** | ) | By: James P. Jones<br>United States District Judge |
| | ) | |
| Defendant. | ) | |

*Lewey K. Lee, Lee & Phipps, P.C., Wise, Virginia, for Plaintiff; Nora Koch, Acting Regional Chief Counsel, Region III, Nicole Schmid, Assistant Regional Counsel, and Maija DiDomenico, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security case, I affirm the final decision of the Commissioner.

I.

Plaintiff Claude M. Reedy filed this action challenging the denial by the Commissioner of Social Security (the "Commissioner") of his applications for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI") under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 401-434, 1381-1383f. Jurisdiction of this court exists under 42 U.S.C. §§ 405(g) and 1383(c)(3).

The plaintiff filed an application for DIB and SSI on October 27, 2010. Both applications were denied initially and on reconsideration. Thereafter, the plaintiff obtained a hearing before an administrative law judge ("ALJ"). That hearing was held on July 22, 2013. The plaintiff and Joann Hayward (an impartial vocational expert) testified. On August 30, 2013, the ALJ issued a written decision finding that Reedy was not disabled within the meaning of the Act. Reedy requested review by the Social Security Administration's Appeals Council. The Appeals Council denied his request for review on December 22, 2014, thereby making the ALJ's decision the final decision of the Commissioner. Reedy then filed this action seeking judicial review of the Commissioner's decision.

The parties have filed cross motions for summary judgment, and this case is now ripe for decision.

II.

In assessing disability claims, the ALJ applies a five-step sequential evaluation process. The Social Security Administration regulations set out the five-step process as: (1) whether the claimant has worked during the alleged period of disability; (2) whether the claimant has an impairment that meets the regulations' severity and duration requirements; (3) whether the claimant has a condition that meets or equals the severity of a listed impairment; (4) whether the claimant could return to his past work, given the medical impairments; and (5) if

not, whether he could perform other work present in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2013).

During the first and second step, the claimant bears the burden of proving that he is under a disability, and if he fails to do so, he is determined not to be disabled. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). At the third step, the claimant can still establish his disability if he shows that his impairments match a listed impairment. *Monroe v. Colvin*, No. 15-1098, 2016 WL 3349355, at *2 (4th Cir. June 16, 2016) (citing *Mascio v. Colvin*, 780 F. 3d 632, 634-35 (4th Cir. 2015)). If the claimant fails at steps one, two, and three, then at step four, the ALJ makes an assessment of the claimant's residual functional capacity ("RFC").[1] The claimant still bears the burden of showing that his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience**,** engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). At step five, the burden shifts to the Commissioner to prove by a preponderance of the evidence

[1] RFC is the most the claimant can do despite physical and mental limitations that affect his ability to work. 20 C.F.R. § 416.945(a)(1).

that the claimant can, in fact, engage in substantial, gainful work, which exists in the national economy.[2] *See Monroe*, 2016 WL 3349355, at *2.

In accordance with the Act, I must uphold the Commissioner's findings if substantial evidence supports them and the findings were reached through the application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is not the role of the court to substitute its judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

I have carefully reviewed the evidence and conclude that the ALJ's decision in this case is supported by substantial evidence and was reached through application of the correct legal standards.

[2] "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." *See Monroe,* 2016 WL 3349355, at *2 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429).

III.

The plaintiff was 54 years old when he claimed disability on October 16, 2008. He has a college degree and a work history in sales as a sales person and store owner. He last worked in October 2008. The plaintiff claims disability based upon depression, paranoid schizophrenia, anxiety attacks, hypertension, and a hernia. He says he has a history of constant paranoia, depression, panic attacks, and an inability to get along with others due to schizophrenia and mood disorder.

Medical records show the claimant has some functional limitations due to mental impairments, but his symptoms do not prevent him from performing some basic work activity. The records show the claimant has a history of mental impairments, including depression and schizophrenia, dating back to 2002. However, the medical notes from September 2002 show that his mental impairments were in full remission; the medical notes also do not show that he was ever prescribed any psychotropic medications.

From 2002 until 2011, the plaintiff did not seek any further treatment for his mental impairments. He was evaluated by Ann Moore, Psy.D., following a psychological consultative examination in June 2011. Dr. Moore noted that Reedy had an average knowledge base with normal, logical speech, but exhibited poor interpersonal relationships, scared mood, and was overwhelmed with questioning. Dr. Moore assessed Reedy with provisional delusional disorder and personality

disorder with poor prognosis; the poor prognosis was given because of his previous lack of mental health treatment. Dr. Moore also noted that Reedy's evaluation was considered to be a poor estimate of his true level of functioning due to lack of effort, which substantially diminished his credibility and the validity of the assessment.

In 2012, Reedy visited Southside Behavioral Lifestyle Center, where he reported a history of delusional ideations that interfere with social interactions. He was diagnosed with schizophrenia, but the treatment notes from Southside Behavioral Lifestyle Center indicate that the claimant did not show any signs of restriction of daily activities or difficulty maintaining social episodes. Further, the claimant testified at the hearing that his daily routine includes waking up, feeding his dog, making breakfast, going to the grocery store, watching television, and reading. He also reported he attends church on a weekly basis and is capable of driving and going out alone if necessary.

Since July 2012, the plaintiff has had no follow up treatment for his mental problems. The plaintiff also testified that the only medication he takes is for high blood pressure. Based on these medical findings, the ALJ acknowledged the claimant has some non-exertional, functional limitations. However, the objective medical findings show that the plaintiff's symptoms are not as severe as alleged.

IV.

In his written decision, the ALJ analyzed Reedy's medical history, along with testimony presented at the hearing, and set forth the reasons for his factual findings. He found that Reedy has not engaged in substantial gainful activity since October 16, 2008, the alleged onset date. He also found that Reedy has severe impairments of mood disorder and schizophrenia. However, he concluded that these impairments or combination of impairments do not meet or medically equal the severity of any impairment identified in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Regarding Reedy's diagnosis of mood disorder and schizophrenia the ALJ determined that the medical records do not support the plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms. In order for a mental impairment, such as schizophrenia, to meet or medically equal the criteria of Listings 12.03, *Schizophrenic, Paranoid, and Other Psychotic Disorders,* 12.04 *Affective Disorders*, and 12.06, *Anxiety-Related Disorders*, the mental impairment must result in either a marked restriction of activities of daily living or a marked difficulty in maintaining social episodes. The ALJ considered several factors when analyzing Reedy's daily living and social episodes. He considered Reedy's ability to live on his own and take care of himself without assistance; Reedy's regular attendance at church services and visits to the grocery

store; and Reedy's ability to operate a motor vehicle and go out by himself. Moreover, records show that Reedy attended college classes as a full-time student since his alleged onset date, and he graduated in May of 2010. Therefore, the ALJ was correct in finding that Reedy's diagnosis of schizophrenia did not meet or medically equal the criteria of those listed in 12.03, 12.04, and 12.06.

V.

Further, the ALJ found that Reedy has the RFC to perform simple, routine, and repetitive tasks. Reedy is limited to occasional changes in his work setting and occasional interaction with the public, co-workers, and supervisors. Considering the plaintiff's age, work experience, and RFC, the ALJ concluded that the plaintiff can perform a significant number of jobs. The vocational expert that testified at the hearing reported that given all of Reedy's limitations, he would be able to perform the requirements of representative occupations such as a table worker, a box wrapper, or a dry cleaner helper. The ALJ was justified in crediting this testimony.

VI.

The plaintiff contends that the Appeals Council erred in failing to adequately consider additional medical evidence presented to it following the ALJ's hearing and decision.

When a claimant seeks review by the Appeals Council, the council first makes a procedural decision to either grant or deny review. If the Appeals Council denies review, that denial renders final the decision of the ALJ. It is thus the decision of the ALJ, and not the procedural decision of the Appeals Council to deny administrative review, that is subject to judicial review. *See* 20 C.F.R. §§ 404.967-981, 416.1467-1481.

The Appeals Council must consider evidence submitted to it when it is deciding whether to grant review, "if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Wilkins v. Sec'y, Dep't of Health and Human Servs.,* 953 F.2d 93, 95-96 (4th Cir. 1991) (en banc) (quoting *Williams v. Sullivan*, 905 F.2d 214, 216 n.3 (8th Cir. 1990)). Evidence is new if it is not duplicative or cumulative. *See id.* at 96. Evidence is material "if there is a reasonable possibility that the new evidence would have changed the outcome." *Id.*

In instances when the Appeals Council considered the new evidence, but denied review, the Fourth Circuit has held that the district court should consider the record as a whole, including the new evidence, in order to determine whether

the decision of the ALJ is supported by substantial evidence. *See Wilkins*, 953 F.2d at 96.[3]

The purportedly new evidence that was submitted consists of medical records from St. Joseph's Hospital Emergency Department. However, the records from the visits on May 27, 2010, July 21, 2010, July 22, 2010, July 27, 2010, July 31, 2010, and October 3, 2010, are not new records; those records were initially included and were available for the ALJ's consideration. Moreover, those emergency department visits were for treatment of dizziness, finger pain, and neck pain, none of which relate to the mental impairments the plaintiff claims for disability. Therefore, those records had no effect on the ALJ's decision and would not affect a new decision.

The remaining medical records dated June 11, 2011, July 9, 2011, September 13, 2011, October 12, 2011, November 9, 2011, December 11, 2011, and March 15, 2013, while new, do not relate to any of the mental impairments that the plaintiff claims contribute to his disability. Five of those seven visits to the emergency department are for refills of medication. The other two were for treatment of nausea, vomiting, and high blood pressure. Again, those records are

[3] While the Appeals Council must "articulate its own assessment of [his] additional evidence," *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992), it need not announce detailed reasons for finding that the evidence did not warrant a change in the ALJ's decision. *See* 20 C.F.R. § 404.970(b) (2003).

not relevant to any mental impairment and would not have affected the ALJ's decision.

VII.

After reviewing the record as whole, including the new evidence that was submitted, I uphold the ALJ's decision and find that there are sufficient facts in the medical records to show that Reedy's impairments or combinations of impairments are not appropriate for disability. The ALJ properly applied the legal standard of placing the burden on the plaintiff to prove that he is under a disability, which he failed to do. The ALJ was within his authority to consider the evidentiary conflicts, including inconsistencies in the evidence, such as Reedy's lack of effort during the psychological evaluation. Further, the lack of medical treatment and the lack of medication for his diagnosis of schizophrenia and other disorders show that these impairments are not severe enough to qualify for disability.

VIII.

For the foregoing reasons, the plaintiff's Motion for Summary Judgment (ECF No. 14) is DENIED, and the defendant's Motion for Summary Judgment (ECF No. 10) is GRANTED. A final judgment will be entered affirming the Commissioner's final decision denying benefits.

It is so **ORDERED**.

ENTER: July 11, 2016

/s/ James P. Jones
United States District Judge